1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CERTAIN UNDERWRITERS AT
LLOYDS, LONDON,

          Plaintiff(s),

v.

PALM CANYON DEVELOPMENT,
INC., et al.,

          Defendant(s).

2:13-CV-423 JCM (PAL)

**ORDER**

Presently before the court is defendants Donna and Wayne Eng's (collectively "the Engs") motion to abstain.  (Doc. # 45).  Plaintiff Certain Underwriters at Lloyd's, London, has filed a response.  (Doc. # 48).

**I.      Background**

Defendants are the owners of a single-family home located in Las Vegas, Nevada. Defendants claim that there are certain deficiencies regarding the design and construction of the subject property's swimming pool.  As a result of these alleged defects, defendants gave notice to the general contractor, Palm Canyon, Inc. ("Palm Canyon"), and initiated a construction defect action in Nevada state court against it and various subcontractors.  Plaintiff is not a party to the state court proceedings.

. . .

James C. Mahan
U.S. District Judge

1   Plaintiff is Palm Canyon's insurer, and Palm Canyon tendered defense of the state court

2   action to plaintiff under the terms of their insurance policy ("the policy").  Plaintiff filed the instant

3   action on March 13, 2013, seeking a declaration that it is not liable under the policy.  Plaintiff

4   contends that the damages to the property fall within the policy's exclusions, and therefore it cannot

5   be held liable.

6   In the instant motion, defendants request that the court decline to exercise jurisdiction over

7   this case due to the pending action in Nevada state court.  (Doc. # 45).

8   **II.   Discussion**

9   This court has recently granted a nearly identical motion in a nearly identical case, albeit

10   against a different insurance company.  *See Century Surety Co. v. D&J Family Trust, et al,* case no.

11   2:13-cv-1948-JCM-CWH (D. Nev., Apr. 18, 2014).  For the reasons discussed in that order and

12   restated herein, the court will grant the instant motion and decline to exercise jurisdiction over this

13   matter.

14   The Declaratory Judgment Act provides that "any court of the United States, upon the

15   filing of an appropriate pleading, may declare the rights and other legal relations of any interested

16   party seeking such declaration." 28 U.S.C. § 2201(a).  Under the Declaratory Judgment Act, district

17   courts have "substantial discretion" to decline to exercise jurisdiction over an action for declaratory

18   relief. *Wilton* v. *Seven Falls Co.,* 515 U.S. 277, 286 (1995).

19   The Supreme Court has noted that it is "uneconomical as well as vexatious for a federal court

20   to proceed in a declaratory judgment suit where another suit is pending in a state court presenting

21   the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*

22   *of Am.*, 316 U.S. 491, 495 (1942).

23   In its opposition, plaintiff argues that claims between Palm Canyon and these defendants

24   have recently been settled in the underlying action.  Plaintiff also points out that there is not a

25   presumption in favor of abstention in insurance cases.  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d

26   1220, 1225 (9th Cir. 1998).

27   While plaintiff is correct that there is no presumption in favor of abstention in cases

28

James C. Mahan
U.S. District Judge

1   involving insurance policies, it is equally true that there is no presumption *against* abstention in such

2   cases.  *See id.*  Indeed, in any question of abstention over a declaratory relief action, the court must

3   consider the efficient allocation of judicial resources, the possibility of interference with cases

4   pending in state court, and whether the litigants are pursuing the action as "a means of forum

5   shopping."  *Huth* v. *Hartford Ins. Co.,* 298 F.3d 800, 803 (9th Cir. 2002).

6        The court finds that abstention is warranted.  Plaintiff's sole claim seeks declaratory relief

7   under Nevada insurance coverage law. Though this case raises legal questions that are separate and

8   distinct from those in the state court action, both rely on the same underlying factual scenario,

9   thereby creating a high probability of interference between the two proceedings. Concordantly, Nev.

10  Rev. Stat. 30.030 provides a vehicle by which plaintiff can pursue declaratory relief in Nevada state

11  court.[1]

12       In addition, this case presents substantially similar issues as were presented in *Century Surety*

13  *Co. v. D&J Family Trust, et al,* case no. 2:13-cv-1948-JCM-CWH (D. Nev., Apr. 18, 2014).

14  Although the alleged defects in the two cases are different, the contractual language at issue

15  regarding coverage is the largely the same or overlapping.  As such, granting declaratory relief in the

16  instant action would essentially render the court's recent decision to abstain in *Century Surety*

17  useless.

18       Allowing plaintiff's claims to be decided in state court will best promote judicial efficiency

19  as well as comity between state and federal courts. Therefore, defendant's motion to abstain will be

20  granted, and the court will decline to exercise jurisdiction over this action.

21  . . .

22  . . .

23  . . .

24

25       [1]  This provision provides: "Courts of record within their respective jurisdictions shall have

26  power to declare rights, status and other legal relations whether or not further relief is or could be

claimed. No action or proceeding shall be open to objection on the ground that a declaratory

27  judgment or decree is prayed for. The declaration may be either affirmative or negative in form and

28  effect; and such declarations shall have the force and effect of a final judgment or decree."

**James C. Mahan**
**U.S. District Judge**

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

3    abstain (doc. # 45) be, and the same hereby is, GRANTED.

4    IT IS FURTHER ORDERED that this action is DISMISSED.  The clerk is instructed to close

5    the case.

6    DATED April 22, 2014.

7

8    _____
     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**